UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOMAYAN KABIR, | No. 08-16152 |
| Plaintiff - Appellee, | D.C. No. 1:-7-cv-00034<br>District of the Northern Mariana Islands |
| v. | |
| CNMI PUBLIC SCHOOL SYSTEM, | ORDER |
| Defendant, | |
| and | |
| JONAS BARCINAS, | |
| Defendant - Appellant. | |

Before: REINHARDT, BRUNETTI and THOMAS, Circuit Judges.

We respectfully certify the following questions to the Supreme Court of the Commonwealth of the Northern Mariana Islands ("CNMI") as set forth in the attached request:

1.  Does the Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006 ("CELRTCA"), 2006 N. Mar. I. Pub. L. 15-22, cover employees accused of misconduct when the CNMI Attorney General certifies that the alleged misconduct did not take place at all? That is, does CNMI law follow the Supreme Court's decision in *Osborn v. Haley*, 549 U.S. 225 (2007)?

2. Does CELRTCA cover employees accused of sexual assault and battery, a tort traditionally understood to occur outside the scope of employment?

We stay all further proceedings in this case in this Court and the district court pending receipt of the answer to the certified questions. If the CNMI Supreme Court declines certification, we will resolve the issue according to our perception of Commonwealth law.

The Clerk of the Court is hereby directed to file in the CNMI Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, an original and ten copies of this Request with a certificate of service on the parties pursuant to Commonwealth Rule of Appellate Procedure 5(a). Furthermore, pursuant to Rule 5(a), the parties and amici are directed to file with the CNMI Supreme Court copies of all briefs and excerpts of record submitted to this Court. This case is withdrawn from submission until further order of this Court.

Our formal request follows:

REQUEST FOR CERTIFICATION DIRECTED TO THE SUPREME COURT

OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

Pursuant to Rule 5(a) of the Commonwealth Rules of Appellate Procedure, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, hereby certifies to the CNMI Supreme Court the previously identified questions of law. The CNMI courts provide no controlling precedent on these questions. The answer to the certified questions will be determinative of this appeal. We respectfully request that the CNMI Supreme Court answer the certified questions presented below. Our phrasing of the issues should not restrict the Court's consideration of the issues.

I. Caption of the Case

The caption of the case is:

| HOMAYAN KABIR, | No. 08-16152 |
|---|---|
| Plaintiff - Appellee, | D.C. No. 1:-7-cv-00034 District of the Northern Mariana Islands |
| v. | |
| CNMI PUBLIC SCHOOL SYSTEM, | ORDER |
| Defendant, | |

and

JONAS BARCINAS,

        Defendant - Appellant.

Counsel for the parties are as follows:

David Lochabay, Office of the Attorney General, Saipan, Commonwealth of the Northern Mariana Islands, for the defendant-appellant.

Joseph E. Horey, O'Connor Berman Dotts & Banes, Saipan, Commonwealth of the Northern Mariana Islands, for the plaintiff-appellee.

## II. Questions of Law to be Answered

1. Does the Commonwealth Employees' Liability Reform and Tort Compensation Act of 2006 ("CELRTCA"), 2006 N. Mar. I. Pub. L. 15-22, cover employees accused of misconduct when the CNMI Attorney General certifies that the alleged misconduct did not take place at all? That is, does CNMI law follow the Supreme Court's decision in *Osborn v. Haley*, 549 U.S. 225 (2007)?

2. Does CELRTCA cover employees accused of sexual assault and battery, a tort traditionally understood to occur outside the scope of employment?

## III. Statement of Facts

On November 9, 2007, Homayan Kabir filed a complaint against the CNMI Public School System and Jonas Barcinas. Kabir accused Barcinas of engaging in sexual harassment and assault, proposing unwanted sexual intimacy, grabbing and

kissing Kabir, threatening to terminate Kabir's employment contract, and eventually terminating the contract because Kabir refused to submit to Barcinas's sexual advances.

Barcinas moved to substitute CNMI as the sole defendant against Kabir's sexual assault claim, arguing that CELRTCA provides for the automatic dismissal of government employees from suits against them for acts committed within the scope of their employment. With his motion, Barcinas included a declaration from the Attorney General of CNMI certifying that "Barcinas was acting within the scope of his employment as principal of Dandan Elementary School at the time of the alleged incident giving rise to the claims of plaintiff in this action." Later, Barcinas submitted a second declaration from the CNMI Attorney General certifying that "[t]he investigation by my office of these alleged events concluded that the events did not in fact occur, and that was, and is, the basis for the [original] Certification."

At the hearing to consider the motion to substitute, Barcinas's lawyer suggested that after the CNMI substituted in, it would file a motion to dismiss on the basis of sovereign immunity. The court denied Barcinas's motion to substitute. It found that Barcinas's motion and subsequent dismissal would "frustrate[] the

very essence of what the law is about." Barcinas appealed the district court's denial to the Ninth Circuit.

## IV. The Need for Certification

All parties agree that the only issues for resolution are issues of Commonwealth law. Federal courts are bound by the pronouncements of a state's highest court on applicable state law. *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 524 (9th Cir. 1989). However, the decisions of CNMI courts provide no controlling precedent on the issues before us. Thus, this case satisfies the criteria for certification. *See* Commw. R. App. P. 5(a).

Resolution of the CNMI law issues involved in this litigation will have a substantial effect on CNMI law and the citizens of the Commonwealth, not only on the questions presented by this case but in future actions concerning Commonwealth employee liability. Principles of comity demand that decisions about CNMI law be made by CNMI courts when possible.